*72 The opinion of the Court was delivered hy
Wardlaw, J.
The second and third sections of the “Act to extend relief to debtors, and to prevent the sacrifice of property at public sales,” which was originally passed in 1861, (13 Stat. 18,) are made obscure by an effort at condensatiijn. Some parts of them are of general application; some relate to mesne process only; some to. final process only; some to process against property, mesne or final; and some to process against the person, mesne or final. We have been greatly aided by the very clear expositions of these sections given in' argument here by Mr. G. W. Williams, of counsel for the appellants; and we think that the meaning can be ascertained so as to give effect to every word, to adapt to every case the provisions intended for it, and to carry out the intention of the Legislature.
The first section of the Act makes it, in general, unlawful for any officer to serve or execute any process, mesne or final. The second and third regulate some special exceptions. They do not originate any new process, nor dispense with any requisites before applicable to process then existing; but they prescribe an additional condition for the efficacy of any process, and somewhat regulate proceedings thereunder. The additional condition is, that the plaintiff, his agent or attorney-at-law, shall make affidavit before a Clerk of Court that his debtor is in at least one of the five following predicaments: 1. Has absconded. 2. Is about to abscond. 3. Is removing his property beyond the limits of the State. 4. Is about to remove his property beyond such limits; or, 5. Is fraudulently disposing of his property. Before the affidavit, the plaintiff may sue out process, mesne or final, as he might have done before the Act; but the Sheriff or other executive officer (constable or coroner) is prohibited from obeying it. When the affidavit is made and attached to the process, the Clerk makes a copy of it on a copy of the process, or on a separate paper, and, subjoins thereto a notice' requiring the *73 defendant, within ten days from the service of it, to give a bond, which is varied according to the nature of the process —its “exigency,” to use the phrase of the Act. This copy-affidavit and original notice the Clerk delivers to the proper executive officer, to be served on the defendant personally, or by copy left at his residence. So soon as the Sheriff receives the process with affidavit annexed to it, he may proceed to execute it, by arresting the defendant or making a levy of property, as one or the other is required by the process — “ according to the exigency of the process.” The defendant being served with the copy-affidavit and notice may, within ten days thereafter, give bond. If he fails to do so, he falls under the proviso of the second section — that is, he is deprived of the benefit of the Act, but he does not lose any right which, before the Act, he would have had with respect to such process against him. If the defendant cannot be served, the plaintiff’s case goes on, and the defendant’s rights, under the Act or prior to it, are unaffected.
Now, we will distinguish between the different kinds of process, and see what provisions are applicable to each. The mesne process, in contemplation of the Legislature, were such as required the Sheriff to take the body or the property of the defendant — not a summons or capias acl respondendum without order for bail, for these latter were inadequate for either of the predicaments which the additional affidavit must specify, and could give to the Sheriff no authority for what he is required to do. Foreign attachment, domestic attachment, and bail-writ were of mesne process in contemplation, as were also, of final process, fi. fa. and ca. sa.
If the plaintiff sues out attachment, foreign or domestic, no preliminary nor observance previously required is dispensed with by the,Act: bond, affidavits, resort to a magistrate in proper cases, all must be attended to as before. After the additional affidavit, which the Act requires, has been attached to the process, the proper officer levies, serves garnishees, and *74 makes return, all as before. The notice which the Clerk subjoins to the copy-affidavit requires the defendant, within ten days from the date of its service, “ to give a bond payable to the plaintiff in'double the amount of the sum sued for, with security, to be approved by the Clerk,” conditioned for the delivery of his (the defendant’s) property, “ liable to such process” as that of the plaintiff in the case on hand, or so much thereof as may be sufficient to satisfy the plaintiff’s demand, to the Sheriff) “at the time when judgment may be obtained on the debt” sued for in that case. If this notice is served, the defendant may, within ten days thereafter, give .the required bond, and thereupon the property levied on, if it has been taken into the possession of the officer, returns to him from whom it was taken. If the defendant fails, after being served, to give the required bond within ten days, his rights to dissolve the attachment and to appear without doing so are unaffected; but he loses the benefit of the Act — that is to say, he becomes subject to process without additional affidavit, mesne and final, in that case, and perhaps in all cases — a questionable matter not now before us. If the defendant is out of the State and has no residence in it, or for other cause the notice cannot be served on him, and a return to that effect is made on the notice, the defendant loses no benefit under the Act nor under previous regulations, but retains the right to give the bond, if he will, when he is served with the notice; and the plaintiff) having complied with the condition imposed upon him, goes on as if the Act had not been passed.
If the plaintiff sues out an ordinary bail-writ, or a bail-writ under the Act of 1839, relating to cases of debts not due, or an order for bail pending an action under the Acts of 1827 and 1839, he must begin, and to some extent proceed, as he would in a like case have done before the Act of -1861, to make effective the process he desires. After the additional affidavit has been annexed to his process, the Sheriff may immediately arrest the defendant. The notice which the Clerk *75 subjoins to the copy-affidavit requires the defendant, within ten days from the date of service, “ to give a bond payable to the plaintiff in double the amount of the sum su^d for, with security to be approved by the Clerk, conditioned * * * for the surrender of the body of the defendant to the Sheriff at the time when judgment may be obtained on the debt sued for” in that case. Tbe defendant, being served with this notice, may give the bond as required, and thereupon be is enlarged. If he fails to give the bond witbin ten days, his right to give an ordinary bail-bond, or apply for discharge under the Insolvent Debtors’ or Prison-bounds Act is unaffected, but be loses the benefit of the Act of 1861 — that is, be becomes subject in that case, and perhaps in all cases, to the service or execution of process, mesne or final, without additional affidavit.
With respect to final process, the provisions of the sections under examination are, for fi.fa., similar to those for attachment, and for ca. sa. similar to those for bail-writ; except that “the amount of the judgment on which such final process is based” is, for the penalty of the bond, doubled, instead of “ the amount of the sum sued for,” and that the time, in the notice given by the Clerk for delivery of property or body to the Sheriff, is instead of “the time át which judgment may be obtained on such debt,” at the time limited for the operation of the Act of 1861, continued as it has since been.
The notice given by the Clerk in the case before us, and the bond taken, are not in conformity with the Act which required them. The motions of the appellants are therefore granted — the order or notice of the Clerk is set aside, and the bond given thereunder is directed to be cancelled.
Motions granted.
Dunkin, C. J., and Inglis, A. J., concurred.

Motions granted.